ROWELL, ADMX., OF ESTATE OF ROBERT ROWELL, DECEASED, et al. *v.*
COMMERCIAL NATIONAL BANK AND TRUST COMPANY, et al.

No. 43567        June 7, 1965        176 So. 2d 254

See also, 247 Miss. 571, 156 So. 2d 812; 251 Miss. 472, 170 So. 2d 267.

*Melvin, Melvin & Melvin,* Laurel; *Cox, Dunn & Clark,* Jackson, for appellants.

*M. Curtis McKee, Cecil F. Travis, Robert C. Travis, Lawrence J. Franck,* Jackson; *J. M. Travis,* Heidelberg; *McFarland & McFarland,* Bay Springs, for appellees.

LEE, C. J.

This is an appeal by Mrs. Georgia Estell Rowell, individually and as administratrix of the estate of Robert Rowell, deceased, and her surety, Western Casualty & Surety Company, from a decree of the Chancery Court of the First Judicial District of Jasper County wherein a money judgment was rendered against her, and her surety, in favor of the Commercial National Bank & Trust Company of Laurel, Mississippi, administrator *de bonis non,* and the brothers and sisters of the decedent, all being adults.

This case was tried, an elaborate finding of facts in writing was made by the learned chancellor, and a final decree was rendered May 22, 1964. Subsequent thereto,

this Court, on December 18, 1964, rendered an opinion in the case of Mrs. Georgia Estell Rowell, Administratrix of Estate of Robert Rowell, deceased v. W. B. Rowell, et al., 251 Miss. 472, 170 So. 2d 267, in which the decree theretofore provided was reversed and a final judgment therein was entered in this Court. After an elaborate discussion of the law and the evidence, the opinion, at page 274 said:

As a matter of law, we are holding that the learned chancellor was in error in sustaining the petition of the appellees, and disinheriting the widow and the setting aside of the widow's allowance and the probation of the estate of the deceased filed by the appellant. The case is therefore reversed, and judgment is here entered for the appellant, reinstating her as the administratrix of the estate, *and as the sole heir of the deceased, Robert Rowell.* (Emphasis supplied.)

All of the parties to this appeal, through their counsel, have filed their joint motion in which they express the belief that all issues, involved in this appeal, are controlled by Mrs. Georgia Estell Rowell, Administratrix v. W. B. Rowell, *supra.* Pursuant to such belief, the movants seek to reverse and vacate the finding of the chancellor and the decree of the court thereon in the following respects:

(1) That part of the decree disallowing, disapproving and finding that the disbursement to Mrs. Georgia Estell Rowell as a widow's allowance in the amount of $3,600.00 is falsified and surcharged.

(2) That part of the decree wherein the disbursement to Melvin, Melvin and Melvin, as attorneys' fees in the amount of $2,000.00 is falsified and surcharged to the extent of $1,000.00.

(3) That part of the Finding of Facts and Decree wherein the Administratrix is not entitled to and should not be allowed any administratrix's fees whatsoever and that no attorneys' fees other than the $1,-

456

000.00 herein be paid from the funds of the estate to Melvin, Melvin and Melvin for services to said Administratrix.

(4) That portion of the decree wherein the Estate of Robert Rowell, deceased, is directed to have and recover of and from Mrs. Georgia Estell Rowell, as former Administratrix of the Estate of Robert Rowell, deceased, and as an individual, and of the Western Casualty and Surety Company, the surety upon the bond of the Administratrix, jointly and severally, the sum of $4,722.36, consisting of $3,600.00 as widow's allowance, $1,000.00 as attorneys' fees and $122.36 as penalties and interest, which items the Lower Court disallowed and disapproved.

(5) That portion of the Finding of Facts and Decree renewing and adopting all of its findings and orders contained in its decree of December 6, 1963, rendered in this cause and requiring the Administratrix, Mrs. Georgia Estell Rowell, to conform thereto in all respects and particulars, inasmuch as said decree of December 6, 1963, has been reversed by the Supreme Court of the State of Mississippi.

(6) That part of the Finding of Facts and Decree, consisting of the last paragraph of said decree, wherein the Administratrix, Mrs. Georgia Estell Rowell, nor her surety, Western Casualty and Surety Company, shall not be discharged until such time as it shall be finally determined that all orders and decrees of the Court have been complied with by the Administratrix and until such time as the Court may determine the extent to which the estate has been damaged by the defalcations and breaches of trust on the part of the Administratrix, and wherein it is the intention of the Court, by said decree, to render judgment against the Administratrix and her surety, for those damages which were liquidated, and those unliquidated damages, and withholding judgment for such unliqui-

dated damages until such time as the same become liquidated.

The movants also seek the affirmance of that portion of the decree as follows:

(1) That portion of the decree providing for the payment of the probated claims by the Administrator De Bonis Non, Commercial National Bank and Trust Company of Laurel, Laurel, Mississippi.

The Court has given due consideration to the motion and has viewed it in the light of the case of Mrs. Georgia Estell Rowell, Administratrix v. W. B. Rowell, *supra,* and is of the opinion that the conclusions, reached by the movants, are obviously correct; that the decision in Mrs. Georgia Estell Rowell v. W. B. Rowell, *supra,* has settled all of the controlling principles and is decisive adversely against the provisions of the decree of the trial court, as enumerated; and that the payment of just accounts against the decedent is a duty of the administratrix to be performed in the discharge of her obligation as the representative of the decedent and the court.

The Court is therefore of the opinion that the joint motion, filed herein by the parties, is proper and was an obligation incumbent on the parties and their counsel to the court.

Consequently the cause is reversed and rendered insofar as the items herein expressly enumerated are concerned, and affirmed insofar as the payment of just debts is concerned.

No agreement was made by the parties with regard to costs. The Court is of the opinion that these should be apportioned. Consequently, let the costs be paid one-half by the combined appellants, and one-half by the appellees.

Reversed and rendered in part, and in part affirmed.

*Rodgers, Jones, Patterson and Smith, JJ.,* concur.